UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Abdihamid Khalif Hassan, | No. 13-cv-841 (PJS/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| I.C.E. | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be denied as moot and dismissed with prejudice.

**I.    Background**

Abdihamid Khalif Hassan (Petitioner) entered the United States on January 26, 2000, as a refugee. (Decl. Kline, Ex. 2 [Docket No. 16-2]), at 2). He applied for permanent resident status on March 7, 2006, and his application was granted on January 8, 2007. (Id.). Petitioner was convicted on June 18, 2008, in the Henepin County District Court of underage drinking and driving in violation of Minn. Stat. § 159A.33.2 on June 18, 2008, the first of several criminal convictions in Minnesota. (Id. at 2-3).

On January 15, 2010, he was convicted of kidnapping in violation of Minn. Stat. § 609.25.1(2), a felony, and he was sentenced to 46 months incarceration. Petitioner was serving that sentence in the Minnesota Correctional Facility at St. Cloud when he was

1

encountered by U.S. Immigration and Customs Enforcement (I.C.E.). (Decl. Kline [Docket No. 16], at 2, ¶ 3). On May 11, 2012, Petitioner was taken into I.C.E. custody from the Anoka County Jail, where he was serving a ninety-(90)-day sentence for theft. (Id. at 2, ¶ 4; at Ex. 2 [Docket No. 16-2], at 3). He had a removal hearing on May 17, 2012, and was ordered removed from the United States to Somalia by the presiding Immigration Judge, pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).[1] (Decl. Kline [Docket No. 16], at 2, ¶ 5; Ex. 2 [Docket No. 16-2], at 3). Petitioner did not appeal his deportation order. (Id.).

Petitioner filed his Petition for Writ of Habeas Corpus on April 11, 2013. [Docket No. 1]. In his Petition, he objects that he remained in I.C.E. detention more than 180 days after he was ordered removed, and he asks for an order that he be "released or deported." (Id. at 15). The Government filed its Response on May 13, 2013, in which it argued that Petitioner had failed to demonstrate that he was entitled to habeas relief. (Gov't's Resp. [Docket No. 15], at 10-14). The Government also detailed efforts to remove Petitioner, and described his removal as "imminent." (Id. at 5).

On June 26, 2013, the Government filed a Supplemental Response, [Docket No. 18], and accompanying Declaration and Exhibit, [Docket Nos. 19, 19-1]), stating that on June 14, 2013, Defendant was removed from the United States, escorted by I.C.E. officers, on a flight from New York, New York, to Cairo, Egypt; that on June 15, 2013, I.C.E. officers escorted Petitioner on a flight from Cairo, Egypt, to Nairobi, Kenya; and that on June 16, 2013, I.C.E. officers witnessed Petitioner boarding a direct flight from Nairobi, Kenya, to Mogadishu, Somalia, and later that day received confirmation that he had been accepted by the Somali

---

[1] 8 U.S.C. § 1227(a)(2)(A)(iii) provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable."

2

government. (2d Decl. Kline, [Docket No. 19], at 2, ¶¶ 2-6). The Government now argues that Petitioner's Petition for Writ of Habeas Corpus should be dismissed as moot. (Gov't's Supplemental Resp. [Docket No. 19], at 3-6).

## II. Discussion

The District of Minnesota is one of several U.S. District Courts that have concluded that a petitioner's actual removal from the United States renders moot that petitioner's habeas claims related to his detention prior to removal. Mhanna v. U.S. Dep't of Homeland Sec. Citizenship & Immigration Servs., No. 10-cv-292 (JRT/LIB), 2010 U.S. Dist. 1317784, at *36-37 (D. Minn. Dec. 13, 2010) (Tunheim, J.) ("To the extent that the Court could construe Mhanna's request for relief as a reviewable habeas claim relating to his ICE detention, however, ICE's removal of Mhanna from the United States renders any such claim moot.") (citing Castillo v. Holder, 2010 U.S. Dist. LEXIS 11329 (D. Neb. Feb. 9, 2010); Louismar v. Holder, 2009 U.S. Dist. LEXIS 68802 (S.D. Ala. Aug. 6, 2009)).[2] The Eighth Circuit has reached the same conclusion. Cf. Ali v. Cangemi, 419 F.3d 722, 724 (8th Cir. 2005) ("With Ali's December 29, 2004 release, Ali arguably received the relief he requested.").[3]

---

[2] See also Serebryanskiy v. Beniecke, No. 12-cv-1671 (PAM/JSM), 2013 U.S. Dist. LEXIS 41568, at *6 (D. Minn. Mar. 4, 2013) (Mayeron, M.J.) ("Petitioner has been removed and is no longer in the government's custody, therefore an order of the District Court would have no effect on Petitioner."), adopted by 2013 U.S. Dist. LEXIS 40087 (D. Minn. Mar. 22, 2013) (Magnuson, J.); Orellana v. Napolitano, No. 12-cv-1184 (JRT/AJB), 2012 U.S. Dist. LEXIS 171917, at *5-6 (D. Minn. Nov. 6, 2012) (Boylan, C.M.J.) ("Petitioner was removed from the Unitd States on or about October 25, 2012. Consequently, Petitioner is no longer in DHS custody under the authority of 8 U.S.C. § 1226(c). . . . Due to Mr. Orellana's removal from government custody, habeas corpus is no longer an appropriate remedy."), adopted by 2012 U.S. Dist. LEXIS 170893 (D. Minn. Nov. 30, 2012) (Tunheim, J.); Estrada-Heredia v. Holder, No. 12-cv-1157 (SRN/SER), 2012 U.S. Dist. LEXIS 147620, at *5-6 (D. Minn. Sept. 25, 2012) (Rau, M.J.) (petition for release from detention pending removal rendered moot by petitioner's removal), adopted by 2012 U.S. Dist. LEXIS 145352 (D. Minn. Oct. 11, 2012) (Nelson, J.).

[3] See also Soliman v. U.S. ex rel. INS, 296 F.3d 1237, 1243 (11th Cir. 2002) ("Because Soliman is not being detained by the INS (or any United States government entity for that matter), no order from this Court requiring INS to release him into the community awaiting his final removal could have any effect . . . . This appeal is therefore moot.").

Respondent has demonstrated that Petitioner has been removed from the United States—which both affords Petitioner the relief that he sought and renders his petition moot.

### III. Conclusion

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, [Docket No. 1], be **DENIED** as moot; and

2. This action be summarily **DISMISSED WITH PREJUDICE**.

Dated: July 1, 2013                             s/Leo I. Brisbois
                                                Leo I. Brisbois
                                                U.S. Magistrate Judge

# N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by July 15, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.